**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SPENCER GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC, a foreign limited liability company; NEW CINGULAR WIRELESS PCS, LLC, a foreign limited liability company; AT&T CORP., a foreign profit corporation; AT&T SERVICES, INC., a foreign profit corporation; AT&T, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | **CASE NO.**<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332(d), 1441, 1446, and 1453] |



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:**

**PLEASE TAKE NOTICE** that Defendants AT&T MOBILITY SERVICES LLC, NEW CINGULAR WIRELESS PCS, LLC, AT&T CORP., AT&T SERVICES, INC., and AT&T INC. (hereinafter "Defendants" or "AT&T") contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of Washington for King County to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441 (Removal of Civil Actions), 1446 (Procedure for Removal of Civil Actions), and 1453 (Removal of Class Actions). In support of this Notice, Defendants state as follows:

## I. BACKGROUND

On January 15, 2026, Plaintiff Spencer Gray commenced a civil action in the Superior Court of Washington, King County, entitled "*SPENCER GRAY, individually and on behalf of all others similarly situated, v. AT&T MOBILITY SERVICES LLC, a foreign limited liability company; NEW CINGULAR WIRELESS PCS, LLC, a foreign limited liability company; AT&T CORP., a foreign profit corporation; AT&T SERVICES, INC., a foreign profit corporation; AT&T, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities*," No. 26-2-02500-2 KNT (the "Action").

In his Complaint, Plaintiff alleges a claim for alleged violation of Washington's noncompetition law, Wash. Rev. Code § 49.62.070. In addition to bringing this Action on his own behalf, Plaintiff purports to represent the following proposed class:

"All current and former Washington employees of AT&T



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

> Mobility Services LLC; New Cingular Wireless PCS, LLC; AT&T Corp.; AT&T Services, Inc.; or AT&T Inc. who earned less than twice the applicable state minimum hourly wage from January 15, 2023, through the date of certification of the Class"
>
> *See* Compl., ¶ 35.

Plaintiff served Defendants AT&T MOBILITY SERVICES LLC, NEW CINGULAR WIRELESS PCS, LLC, AT&T CORP., and AT&T SERVICES, INC., with the Summons, Complaint, Case Information Cover Sheet and Area Designation, and Order Setting Civil Case Schedule on January 20, 2026. As required by W.D. Wash. Local Civil Rule 101(b), a copy of the operative complaint and certificates of service are submitted as attachments herewith.

Defendants will, within fourteen days of filing this notice, file all additional records and proceedings in the state court, together with verification that they are true and complete copies of all the records and proceedings in the state court proceeding. *See* W.D. Wash. Local Civ. R. 101(c).

## II. BASIS FOR REMOVAL

A defendant filing a notice of removal need only plead a short and plain statement of its grounds for removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.") Here, the Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA" or the "Act").

### A. CAFA Jurisdiction

CAFA creates federal jurisdiction over (1) class actions; (2) with over 100 putative class members; (3) "in which . . . any member of a class of plaintiffs is a



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

citizen of a State different from any defendant;" (4) where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2)(A), (d)(5). This Action satisfies all four prongs.

1. **Plaintiff Has Brought A Class Action**

Under CAFA, a class action includes "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff has brought "this case as a class action against Defendants on behalf of the Class" under Washington "Civil Rule 23(a) and (b)(3)." Compl., ¶ 35; *see also* Wash. C. R. 23 (covering class actions in state court). It thus satisfies the "class action" requirement of CAFA.

2. **There Are Well Over 100 Putative Class Members**

Plaintiff alleges he worked for Defendants in Washington, earned less than twice the applicable minimum wage, and was subject to policies that prevented him from having a second job in violation of Wash. Rev. Code § 49.62.070. Compl., ¶¶ 24–34. And he seeks to represent a putative class of "current and former Washington employees of" Defendants "who earned less than twice the applicable state minimum hourly wage from January 15, 2023, through the date of certification of the Class." *Id.*, ¶ 35. Based on records Defendants maintained in the normal and ordinary course of business, "between January 15, 2023, and February 15, 2026, Defendants employ or have employed approximately 760 individuals in the State of Washington whose base hourly rate was less than" twice the applicable minimum wage—well over CAFA's 100 putative class member-threshold. Declaration of Shaeley K. Papilion in Support of Notice of Removal ("Papilion Decl."), ¶ 3.



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

**3. Plaintiff And Defendant AT&T Services, Inc. Are Residents Of Different States.**

For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state"). Residence is "prima facie evidence of domicile and citizenship." *Baffert v. Wunderler*, 2025 U.S. Dist. LEXIS 122859, at *8 (S.D. Cal. June 27, 2025). Plaintiff Gray both resides and worked in Washington. *See* Compl., ¶ 16. He is thus a Washington citizen. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) ("[A] party with the burden of proving citizenship may rely on the presumption . . . that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change.").

Defendant AT&T Services, Inc., is organized under the laws of Delaware with its principal place of business in Texas.[1] Declaration of Paula Phillips ("Phillips Decl.") ¶ 3. Accordingly, it is a citizen of Delaware and Texas; and it is not a citizen of Washington. Thus, Plaintiff and Defendant AT&T Services, Inc., are citizens of different states. And because at least one member of the putative class (Gray) is a citizen of a state different from at least one Defendant (AT&T Services, Inc.), the diversity requirement under CAFA is satisfied. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

---

[1] 28 U.S.C. § 1332 (c)(1) (under the CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

### 4. The Amount In Controversy Exceeds The $5,000,000 Threshold.

Under CAFA, courts aggregate the putative class members to determine whether the amount in controversy exceeds the $5,000,000 threshold. 28 U.S.C. §§ 1332(d)(2), (d)(6). Removing defendants need only establish that the amount in controversy exceeds $5 million by a preponderance of the evidence. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (a "defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

Further, for the purposes of removal, the amount in controversy is simply "an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added).[2] An estimate that "reflects the **maximum** recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original). While AT&T denies the validity of Gray's claims and requests for relief, the damages sought by the Complaint exceed the jurisdictional minimum once the potential damages are extrapolated from the data supporting this Notice.

Gray seeks $5,000 in statutory damages for himself as well as each putative

[2] As the United States Supreme Court has explained, "no antiremoval presumption attends cases invoking CAFA[,]" and "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Thus, "[e]vidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

class member for AT&T's alleged violations of Washington's prohibition on non-competes. Compl., ¶¶ 34, 51(b). As there are currently 760 potential class members in this Action (Papilion Decl., ¶ 3), Gray's claim puts $3,800,000 in statutory penalties into controversy.

While that falls below CAFA's minimum threshold, the statutes under which Gray is suing also permit recovery of "reasonable attorneys' fees, expenses, and costs incurred in the proceeding." Wash. Rev. Code Ann. § 49.62.080. And "when a statute . . . provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). The only issue is how much in fees removing defendants may reasonably estimate.

"A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice" and may base estimated fees on recovery in "similar case[s]." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020); *see also Thompson v. Fastaff, LLC*, N2022 U.S. Dist. LEXIS 162590, at *18 (C.D. Cal. Sep. 8, 2022) ("[C]alculation of attorneys' fees based on a similar prior case brought by Plaintiffs is reasonable."); *Reynolds v. Autozone Parts, Inc.*, 2025 U.S. Dist. LEXIS 164652, at *9 (W.D. Wash. Aug. 25, 2025) (finding estimated fees were reasonable given evidence plaintiff's counsel "sought up to one-third of the recovery in prior employment actions"). Here, Gray is represented by Emery Reddy; a firm that regularly seeks, and receives, fees equating to 32.5% to 37.6% of the amount recovered in actions similarly premised on alleged violations of Chapter 49.62 of the Revised Code of Washington:

///

///



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

| Case Information | Recovery | Fees Awarded | Percentage of Recovery |
|---|---|---|---|
| *Saraceno-Oliveri v. Solgen Power, LLC* (King County Superior Court, Case No. 23-2-09228-7) | $464,625 | $174,708.16 | 37.6% |
| *Cole v. Verity Credit Union* (King County Superior Court, Case No. 24-2-18460-1) | $752,500 | $250,833 | 33.3% |
| *Schneider v. Assurance IQ, LLC* (King County Superior Court, Case No. 22-2-15633-3) | $195,000 | $63,375 | 32.5% |
| *Olea et al. v. Vessel WA Operations LLC et al.* (King County Superior Court, Case No. 22-2-06944-9) | $600,000 | $195,000 | 32.5% |

*See* Declaration of James P. de Haan in Support of Notice of Removal, ¶ 2, Exs. A–K.

Applying the conservative low end of this range (32.5%) to the $3,800,000 in statutory penalties results in projected fees of $1,235,000. As such—and although Defendants deny Plaintiff's allegations that he, or any of the putative Class members, are entitled to any relief—the total amount in controversy is **$5,035,000**,[3] which exceeds the $5 million threshold for removal under CAFA.

---

[3] ($3,800,000)+($1,235,000).



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

5. **AT&T Timely Removed This Action.**

A notice of removal may be filed within 30 days after the defendant receives the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). The United States Supreme Court has held that the 30-day period prescribed in section 1446(b) runs from the date of formal service of the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 355-56 (1999). Plaintiffs served the Complaint on January 20, 2026. This notice of removal is, therefore, timely, as AT&T's deadline for removal is February 19, 2026.

6. **AT&T Removed This Action To The Proper Court.**

This Court is part of the "district and division embracing the place where" the State Court Action was filed—Kent, King County, Washington. 28 U.S.C. § 1441(a); *see also* About the Court, United States District Court for the Western District of Washington, https://www.wawd.uscourts.gov/about (last visited Feb. 19, 2025) (showing King County falls within the Seattle Division for the Western District of Washington). Thus, it is the proper court for removal.

## III. NOTICE TO PARTIES AND TO THE STATE COURT

Pursuant to 28 U.S.C. section 1446(d), in addition to serving this Notice of Removal on Plaintiffs, AT&T is filing in the Superior Court for King County and serving upon Plaintiffs a separate document entitled "Notice of Filing of Notice of Removal to Federal Court."

## IV. CONCLUSION

Plaintiff, a Washington-citizens, has brought a class action on behalf of 760 putative class members against several Defendants; including AT&T Services, Inc., a non-resident. The estimated damages associated with their claims for violating Washington's noncompetition law add up to $5,035,000, which is over



PAUL HASTINGS LLP
Attorneys at Law
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

CAFA's threshold. Thus, for the foregoing reasons, all requirements under 28 U.S.C. sections 1332(d), 1441, 1446, and 1453 are satisfied; and the Action may be removed to this Court.

DATED: February 19, 2026

*/s/James P. de Haan*
James P. de Haan (WSBA 64613)
jamesdehaan@paulhastings.com

*/s/Raymond W. Bertrand*
Raymond W. Bertrand (*PHV Pending*)
raymondbertrand@paulhastings.com

**PAUL HASTINGS LLP**
4655 Executive Drive, Suite 350
San Diego, California 92121
1(858) 458-3000

Attorneys for Defendants
AT&T MOBILITY SERVICES LLC; NEW CINGULAR WIRELESS PCS, LLC; AT&T CORP.; AT&T SERVICES, INC.; AT&T INC.